ELIZABETH McQUEEN, Appellee, v. SAFEWAY STORES et al., Appellants.

No. 41368.

September 20, 1932.

Thomas O. Tacy, for appellee.

Brown, Fitch & West and Kimball, Peterson, Smith & Peterson, for appellants.

De Graff, J.—The jury, upon conflicting evidence, returned a verdict in favor of the plaintiff. Under this circumstance, the judgment entered on the verdict must be affirmed, unless some one or more of the assignments of error relied upon by the defendant for reversal are sustained.

The happenings of the circumstances constituting the assault, briefly related, are as follows: On the 6th day of September, 1930, the plaintiff purchased and paid for a pound of butter in the store of the defendant, and was about to leave when she was seized by the arm by one of the defendant's clerks (Alfred Warner) in said store and pushed with some violence against the counter and was accused of having merchandise in her shopping bag for which she had not paid. Several persons, unnamed, witnessed the incident and heard the accusation. The clerk searched the plaintiff's shopping bag and found nothing therein to justify the accusation made by him. Certain of the persons who had crowded around the scene of the assault made slighting remarks about the plaintiff, and as she crossed the street to enter another store, further slighting remarks were made by unidentified persons of and concerning the plaintiff in her hearing.

There is record evidence to the effect that the defendant had posted in its store a sign reserving the right to check the

shopping bags of shoppers, and that in pursuance of that authority or reservation, the plaintiff was politely asked to permit a check of her shopping bag, and that no assault was committed upon her whatsoever. As we have heretofore said, we consider the finding of the jury on disputed questions of fact binding upon this court.

The plaintiff, according to her testimony, suffered temporary pain, both from having her toes stepped upon by people who had crowded around her during the excitement and from the twisting of her arm and shoulder and the pulling of the straps of the shopping bag against her wrist. Undoubtedly, the plaintiff suffered from some humiliation and became somewhat nervous and indulged in the usual cure by shedding a few tears. No permanent injury seems to have been inflicted.

After the verdict of the jury was received, the defendant filed motion for new trial and exceptions to the instructions, and from the court's action in overruling the motion for new trial and the exceptions to the instructions, the defendant prosecuted the instant appeal.

We now turn to some of the assignments of error presented for consideration.

■ 1. The trial court permitted the plaintiff to answer this question: ''Have any of your friends or neighbors made remarks to you about this assault and accusation at any time after it happened?'' The defendant based its objection to this question as ''incompetent, irrelevant and immaterial, not tending to prove or disprove any issue in the case, and no proof of anything for which the defendants or any of them would be liable, and hearsay.'' It was error to admit the evidence over the objections made as to what friends, neighbors and acquaintances may have said or done under the instant circumstances. This was clearly hearsay. Any false charge of dishonesty against the plaintiff would be slanderous in character. But it may be observed that this action is not for slander, but for assault and battery. If the charge of dishonesty was slanderous, then in so far as said charge or repetition of said charge is concerned, anyone who was not present at the time of the assault and battery must have obtained the information from another source than the actual occurrence at the time of the assault and battery.

■ 2. The trial court permitted the husband of the plain-

tiff to testify, over objection, as to what the plaintiff told her husband as to the cause of her crying. The record discloses the following:

"When I got home about 2 P. M. my wife was there. (This was about two hours after the alleged assault had been committed.) She was walking through the house wringing her hands. I had a conversation with my wife as to why she was crying and walking the floor and wringing her hands. Q. Will you state whether she told you what was the cause of her demonstration that you noticed there?"

Over proper objection, the husband was permitted to tell the jury what his wife told him. It may be well to note the character of the objection made, which was: "Incompetent, irrelevant and immaterial, hearsay, self-serving and not binding on the defendants or either of them." The objection should have been sustained, and it was error on the part of the trial court to overrule the objection. The testimony on the part of the husband does not classify as *res gestae*.

3. The appellant challenges certain instructions given by the trial court to the jury, but in the light of the errors heretofore pointed out, we will not assume that the court, upon a retrial, will give the jury the same or similar instructions.

The judgment entered is—Reversed.

STEVENS, C. J., and FAVILLE, ALBERT, and WAGNER, JJ., concur.